[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
This appeal is brought by Ronald Rex Shaffer, Appellant, from a judgment of the Court of Common Pleas of Marion County, adjudicating Appellant a sexual predator as defined in R.C. 2950.01(E).
On August 10, 1987, Appellant pled guilty to five counts of rape, thirteen counts of gross sexual imposition, and two counts of disseminating matter harmful to juveniles. Appellant was subsequently sentenced to serve seven and a half to twenty-six and a half years in prison.
On January 1, 1997, Ohio's sexual predator law became effective. Consequently, on February 3, 1997, the Department of Rehabilitation and Corrections notified the common pleas court, pursuant to R.C. 2950.09(C)(1), of its recommendation that Appellant be adjudicated a sexual predator. On July 15, 1997, a hearing was held on the matter. At the hearing, Appellant challenged the constitutionality of R.C. 2950.09, as it applied to him. The court rendered its decision on August 26, 1997, finding R.C. 2950.01 et. seq., constitutional and further determining Appellant to be a sexual predator pursuant to R.C. 2950.01.
Appellant now appeals this decision, asserting the following sole assignment of error:
 Section 2950.09(C)(2) of the Ohio Revised Code, as applied to conduct engaged in prior to the effective date of the statute, renders the statute unconstitutional as an ex post facto law as prohibited by the U.S. Constitution, Article I, Section 10 of the Ohio Constitution, Article II, Section 28.
Appellant argues that because he was convicted and sentenced prior to the effective date of R.C. 2950.09, retroactive application of the statute violates both the Ohio and United States Constitutions.
We find Appellant's assignment of error substantively identical to the error assigned in State v. Cook (Aug. 7, 1997), Allen App. No. 1-97-21, unreported.[1] As we discussed inCook, R.C. 2950.09(C)(1) applies to prior offenses and is clearly retroactive. Likewise, we also found the statute affected substantive rights of defendants who committed offenses prior to the effective date of the statute stating, "[t]o the extent it imposes additional duties and attaches new disabilities to past transactions, the statute is retroactive and violates the Ohio Constitution." We find our holding in Cook is dispositive of Appellant's appeal. If applied to Appellant, R.C. 2950.09(C) violates the Ohio Constitution. On this basis, we sustain Appellant's assignment of error.
We note that Appellant may still be required to register as a sexual offender pursuant to the law in force at the time of his offense.
Having found error prejudicial to the Appellant herein, in the particulars assigned and argued, we reverse the judgment of the trial court.
Judgment reversed.
 BRYANT and HADLEY, JJ., concur.
[1] The only difference between the present case and Cook
is that Cook was convicted and sentenced after the effective date of R.C. 2950.09 for conduct that occurred prior the effective date. However, both Appellant herein and Cook challenged the retroactive application of R.C. 2950.09 whenapplied to offenses committed prior to enactment. Thus, we find no substantive factual difference between the two cases.